NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELSI GUADALUPE QUINTEROS DE CORADO; FRANCISCO MIGUEL CORADO-QUINTEROS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-72795 <br><br> Agency Nos. A202-084-051 <br> A202-086-451 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Elsi Guadalupe Quinteros De Corado and Francisco Miguel Corado-Quinteros, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo questions of law, including whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny the petition for review.

The BIA did not err in concluding that petitioners failed to establish membership in cognizable particular social groups. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). As to Corado-Quinteros, the agency properly found that his proposed particular social group lacked particularity. *See Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) ("The particularity element requires characteristics that provide a clear benchmark for determining who falls within the group," and "[t]he group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." (internal

17-72795

quotation marks and citations omitted)); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) ("young men in El Salvador resisting gang violence" too loosely defined to meet particularity requirement), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).  As to Quinteros De Corado, substantial evidence supports the agency's determination that she failed to establish her proposed social group is socially distinct.  *See Conde Quevedo*, 947 F.3d at 1243 (proposed social group lacked social distinction because the record failed to establish its members are perceived or recognized as a group by the society in question).

We do not address petitioners' contentions as to whether they established an objectively reasonable fear of future persecution because the BIA did not deny relief on these grounds.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

17-72795

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**